EDWARDS, APPELLEE, *v.* PORTER, APPELLANT.

(No. 3415—Decided March 30, 1983.)

*Mr. Gregory A. White,* prosecuting attorney, for appellee.

*Ms. Kathleen M. Shannon,* for appellant.

MAHONEY, J. Defendant-appellant Junior Porter appeals the trial court order denying his motion to vacate a judgment finding him to be the reputed father of plaintiff-appellee Verena Edwards' illegitimate child. We affirm.

On October 13, 1981, Verena Edwards personally appeared before the Court of Common Pleas of Lorain County, Juvenile Division, and signed a complaint alleging that Junior Porter is the father of her son, Steven, born April 29, 1972. Porter appeared before the court on December 1, 1981, and admitted paternity. The court ordered Porter to pay child support, maternity medical expenses and any extraordinary medical or dental expenses which might be incurred on Steven's behalf in the future. The court further ordered Porter to place the child on his insurance plan at his place of employment and permitted him reasonable visitation.

On March 29, 1982, Porter filed a motion pursuant to Civ. R. 60(B) asking the court to vacate the paternity judgment contending that the admission of paternity had not been knowingly and voluntarily made. The court denied the motion. Porter appeals contending:

"I. The trial court's failure to inform an indigent defendant of his constitutional right to waiver of prepayment of cost of blood test denies that defendant a meaningful opportunity to be heard and violates fundamental fairness.

"II. Assuming arguendo that the trial court procedure violated constitutional due process mandates, the defendant is otherwise entitled to relief from judgment."

Porter can neither read nor write. According to his affidavit, Porter's formal education ended after he had completed the third grade. Appellant argues that, because he is illiterate, he did not understand the documents he signed waiving his rights to counsel and to a jury trial. However, the record indicates that the court orally informed Porter of the nature of the proceedings, his right to a jury trial, his right to be represented by counsel and the support obligations which would be imposed if he pled guilty. Further, the court orally explained the content of the waiver Porter had executed and gave him an opportunity to withdraw said waiver. Porter does not claim to be deaf. After the court's oral explanations, Porter indicated that he intended to waive his right to a jury trial and that he desired to proceed without counsel. He further indicated that he understood the consequences of his guilty plea. Under these circumstances, appellant's reading ability is irrelevant.

Porter also contends that the court

had a duty to inform him that the county would prepay the costs of blood grouping tests if he desired such tests and could demonstrate that he was indigent. While the court had a duty in this case to order the county to prepay said costs upon the request of an indigent defendant (see *Little* v. *Streater* [1981], 452 U.S. 1; and *Anderson* v. *Jacobs* [1981], 68 Ohio St. 2d 67 [22 O.O.3d 268]), Porter never requested the blood grouping tests, nor did he indicate to the court that he was indigent. Indeed, he did nothing to indicate that he disputed plaintiff's claim or that he felt compelled by the circumstances to plead guilty when he was, in fact, innocent. Rather, he waived his right to question Edwards and, being aware of the consequences, admitted paternity. Under these circumstances, we do not believe the court was obligated to discuss the issue of blood grouping tests. The motion to vacate judgment was properly overruled.

Accordingly, we overrule appellant's assignments of error and affirm the judgment.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.